**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

**PARKERSBURG**


MARIO A. MASON,

      Movant,

v.                           Case No. 6:04-cr-00127-5
                                 Case No. 6:07-cv-00445

UNITED STATES OF AMERICA,

      Respondent.


<u>**PROPOSED FINDINGS AND RECOMMENDATION**</u>

      Pending before the court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on July 18, 2007 (docket # 542). Mario A. Mason (hereinafter "Defendant") is serving a 135 month sentence imposed on June 16, 2005, following his guilty plea to engaging in a conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. (Judgment entered July 11, 2005, # 424.) Defendant's direct appeal was unsuccessful. <u>United States v. Mason</u>, No. 05-4687, 174 Fed. Appx. 164 (4th Cir. April 5, 2006).

      Defendant's first ground for relief is that his appellate counsel failed to file a petition for a writ of certiorari in the Supreme Court of the United States. (# 542, at 5.) His second ground for relief is that his attorney failed to "argue issues such as uncharged drug amounts." <u>Id.</u>, at 5.

      The United States filed a Response to Defendant's § 2255

Motion in which it asserted that his Motion is untimely, because "his conviction became final when the Fourth Circuit [Court] of Appeals issued the mandate on May 1, 2006." (# 557, at 4.) No authority is cited for this declaration, which is in error.

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

A petition for a writ of certiorari must be filed within 90 days after entry of the judgment or decree. 28 U.S.C. § 2101(c). Defendant's Fourth Circuit judgment was entered on April 5, 2006; thus because a petition for certiorari was not filed, his

2

conviction became final on the 91st day after the entry of the judgment, or July 5, 2006 (July 4 being a legal holiday).  In <u>Clay v. United States</u>, 537 U.S. 522, 532 (2003), the Supreme Court held that, "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."

The one-year period for filing the § 2255 Motion expired on July 5, 2007 (July 4, of course, being a legal holiday). Defendant's Motion is signed on July 5, 2007.  It was received and docketed by the Clerk on July 18, 2007.  The postmark on the envelope is not readable.  In the absence of evidence to the contrary, the undersigned, while skeptical, assumes the signature date to be accurate and to be the date on which Defendant delivered the Motion to prison officials for mailing.  Pursuant to <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988), the undersigned proposes that the presiding District Judge **FIND** that Defendant's § 2255 Motion was timely filed.

Turning to Defendant's grounds for relief, the court notes that his appellate counsel was Todd A. Twyman, who was appointed pursuant to the Criminal Justice Act ("CJA").  Mr. Twyman died suddenly on April 5, 2007.  Thus the undersigned is unable to determine whether Defendant requested Mr. Twyman to file a petition for certiorari and Mr. Twyman failed to do so.  Defendant wrote a

letter to Judge Goodwin, enclosing copies of two letters written to

Defendant by Mr. Twyman.  The first letter, dated April 18, 2006,

reads, in pertinent part, as follows:

> The United States Court of Appeals for the Fourth
> Circuit has affirmed that the sentence imposed on you by
> Judge Good[w]in was correct.  (See Opinion, as well as
> our brief and the United States brief on your appeal
> attached).  I do not believe rehearing or reconsideration
> at the 4th Circuit would be successful.
>
> I am required to inform you that the next appeal
> should you decide to attempt it, is to the United States
> Supreme Court of Appeals, in Washington, D.C., by way of
> writ of certiorari.  Review on writ of certiorari is not
> a matter of right, but of judicial discretion, and will
> be granted only for compelling reasons.  The petition
> must be filed in the United States Supreme Court of
> Appeals by June 29, 2006.
>
> * * *
> [Discussion of possible Rule 35 motion.]
>
> I hope this information clarifies your current
> situation.  I hope everything else is going okay and I
> hope to speak with you soon.

(# 612, at 2-3.)  The second letter, dated May 19, 2006, contains

the following discussion concerning the Supreme Court:

> As it pertains to appeal to the U.S. Supreme Court,
> I do not think you will win.  The 4th Circuit's opinion
> is consistent with the law (i.e. the Judge's sentence was
> reasonable under the Guidelines).  The folks who wrote
> you are trying to sell you hope - and after you pay them
> to write a brief - they will blame the Court for not
> accepting your case and keep the money.  In short, I
> believe it's a hustle.  However, if you want them to
> assist you on appeal, feel free to do so.
>
> As you know, I was not appointed to try to take your
> case to the Supreme Court, and I will not accept a
> retainer to do the same - because I do not want to take
> your money when I am convinced I will be unsuccessful.

4

* * *

Id., at 4.

In an unpublished opinion, the Fourth Circuit has ruled that it is a violation of a defendant's rights under the Fourth Circuit's CJA Plan if the defendant requests that a petition for certiorari be filed and the CJA-appointed attorney fails to do so. United States v. Smith, No. 07-6358, 2008 WL 4951657 *3 (4th Cir. Nov. 19, 2008) (copy attached). The remedy is for a defendant to file a motion with the Fourth Circuit that it recall its mandate in the direct appeal, appoint counsel, vacate and reenter its judgment, thus re-starting the 90-day period for filing a petition for a writ of certiorari. It is not within the power of this court to re-start the 90-day period.

Defendant's second ground for relief reads: "Lawyer failed to argue issues such as uncharged drug amounts. We argued this on my objections - I also wanted to argue this on my appeal." (# 542, at 5.) The relief he seeks is to be re-sentenced on the basis of 500 grams or more of cocaine, with a resulting sentencing guideline of 63 to 78 months. Id., at 8. In a "Brief," submitted by Defendant, he contends as follows [spelling corrected]:

> Hello, I am writing for relief about my prison sentence. In 2004 I took a plea and accepted my responsibility on Nov. 19.
>
> My plea agreement was "Count 1," Conspiracy to distribute 500 grams or more which I was told that I would get 63 to 78 months at the most. I had already took my plea agreement - they accepted, saying it was in

5

a timely manner.

After the trial on Nov. 29, 2004 of my co-defendants, they did a presentence report on me and piled all this extra drug amount on me that I didn't agree to. My former trial attorney, Todd A. Twyman, who is deceased now, argued the drug amount on my objections and the organizer role.  I didn't agree to nothing but the plea agreement 63 to 78 months, level 26.

My former trial attorney, Todd A. Twyman, said at sentencing if I didn't take the plea that was in front of me and didn't tell me about the drug quantity that they was charging me with - that I would get an extra 6 1/2 years if I didn't take the plea.  He said go ahead, take the 135 months, and we will appeal it.  He was working against me, not for me, and that's why I have double the sentence that I have now.  Your honor, all I'm asking for is what my plea was which I was told 63 to 78 months - a level 26.

Your honor, can you please look into this and be fair by re-sentencing me and put me back at a level 26 where I should have been.  I am not asking for immediate release, but just fairness and the right sentence.

(# 556, at 1-2.)

The court understands Defendant to be claiming that he understood that he would receive a sentence of 63 to 78 months, and that it is unfair that he was sentenced to 135 months.  The original indictment, returned by the grand jury on June 15, 2004, charged Defendant and others with engaging in a conspiracy to distribute cocaine (# 10).  The United States provided discovery materials and then, on September 22, 2004, the grand jury returned a superseding indictment (# 105, at 1-2), which charged that the conspiracy's purpose was to distribute 500 grams or more of a mixture containing cocaine.  Defendant was also charged with three

counts of distribution of cocaine.  Id., at 3-5.  Again the United
States provided discovery materials, making ten supplemental
responses to discovery requests.  On November 29, 2004, Defendant
entered a guilty plea to the conspiracy charge, acknowledging that
his plea exposed him to a period of imprisonment from five to forty
years.  (# 219, at 2.)

       At his guilty plea hearing, the government made a proffer of
the factual basis for the plea.  Assistant U.S. Attorney Gregory
McVey described an organization of cocaine dealers in Parkersburg,
West Virginia, who coordinated trips to Columbus to purchase
cocaine for resale.  "The amounts of cocaine purchased at first
were approximately half kilo amounts that were divided up.
Eventually they got up to purchasing approximately 16 ounces a week
. . .."  (Tr. Plea Hrng, # 464, at 14-15.)  Defendant stated that
the government's proffer was true.  Id., at 15.  In response to
questioning by Judge Goodwin, Defendant stated his understanding
that he was exposed to a maximum penalty of 40 years imprisonment,
and a mandatory penalty of five years.  Id., at 16-17.  He
specifically confirmed that the sentence imposed may be different
from any estimate by his attorney or anybody else, and that if he
did not like the sentence, he would be bound by his guilty plea and
not permitted to withdraw it.  Id., at 19-20.  He stated that he
was acting voluntarily and of his own free will in entering the
plea, and that no one had promised him anything to get him to plead

7

guilty. Id., at 24. Defendant testified against his co-defendants at their trial.

At Defendant's sentencing, Mr. Twyman achieved a reduction in Defendant's criminal history category from II to I, thereby reducing Defendant's sentence from a minimum of 151 months to a minimum of 135 months. (Tr. Disp. Hrng, # 440, at 10-12.)

Mr. Twyman filed objections as to relevant conduct (amount of cocaine). At the sentencing of co-defendant Kirt King, Judge Goodwin found that the amount reasonably attributable to the co-conspirators was 46 kilograms, and applied that amount to Defendant. Id., at 3-4.

Mr. Twyman also objected to the presentence report's characterization of Defendant as an organizer, leader or manager and thereby assigning a two level increase. Id., at 4-5. Judge Goodwin, having presided over the trial of the conspirators, stated that the "evidence indicated that the defendant frequently pooled his money with Kirt King, traveled to Columbus, Ohio, with Mr. King for the purpose of purchasing large quantities of cocaine for distribution. I find that the two-point enhancement is appropriate under the facts as developed before the jury and overrule your objection." Id., at 6-7.

On direct appeal, Defendant challenged his sentence, asserting that it was enhanced on facts not alleged in the indictment, admitted by him, or found by the jury beyond a reasonable doubt.

8

The Fourth Circuit rejected his arguments, ruling that "his concessions during his Fed. R. Crim. P. 11 plea colloquy fully support the district court's application of the two-level enhancement [for role in the offense] to his sentence." Mason, 174 Fed. Appx. at 165.  The Fourth Circuit specified that Defendant's supplying drugs to two individuals for resale, his pooling money and travels with Kirt King, and his participation in preparing drugs for resale were sufficient to establish him as a manager. Id.

Defendant testified under oath that he was never promised anything for his guilty plea, and there is no evidence to suggest that he had a reasonable expectation of a sentence in the 63 to 78 month range.  The undersigned proposes that the presiding District Judge **FIND** that Defendant's grounds for relief in his § 2255 Motion are without merit.

It is respectfully **RECOMMENDED** that the § 2255 motion be dismissed with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal

9

Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the United States Attorney, Chief Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Defendant and to counsel of record.


  April 1, 2009
      Date

Mary E. Stanley
United States Magistrate Judge

10